UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHAMENDA HARPER                                                                             PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:06-CV-211-S

MAC'S CONVENIENCE STORES, LLC
d/b/a CIRCLE K                                                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Mac's Convenience Stores, LLC d/b/a Circle K ("Circle K") for summary judgment on the basis that it owed no duty to warn the plaintiff, Shamenda Harper ("Harper") of an open and obvious condition.

## BACKGROUND

On the morning of May 14, 2005, Harper stopped on her way to work to get gas at the Circle K on Arthur Street in Louisville, Kentucky. As Harper walked toward the entrance of the store to pay for her gas, she slipped and fell, breaking her ankle. Both parties agree that it had been raining that morning and that as a result of the rain, a large puddle formed in front of the entryway of the Circle K. The entryway and fuel islands were covered by a canopy. It is undisputed that Harper saw the puddle, and that she chose to walk through it in order to enter the Circle K. It is also undisputed that her fall occurred as she was walking through the puddle. She filed this action alleging that Circle K failed to exercise due care in maintaining the Arthur Street store and that Circle K failed to warn its patrons of the condition on which she fell.

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

To prevail on a claim for negligence under Kentucky law, a plaintiff must establish "(1) that the defendant had a duty of care; (2) a breach of duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins.*, 839 S.W.2d 245, 247 (Ky.1992); *M & T Chemicals Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky.1974)). If a plaintiff fails to establish any of these elements, her claim must fail as a matter of law. *M & T Chemicals, Inc.*, 525 S.W.2d at 741. Circle K contends that it is entitled to summary judgment because the risk of slipping and falling in the puddle of water was open and obvious so as to eliminate any duty on its part.

As a customer of Circle K, Harper was an invitee at the time of her injury. "An invitee enters upon the premises at the express or implied invitation of the owner or occupant on business of mutual interest to them both . . . ." *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 366 (Ky. 2005) (citations omitted). The Kentucky Supreme Court has explained that there are three distinct categories of premises liability under Kentucky law. *Id.* at 368-69. The first category holds that the owner of a business premises has no duty to warn or protect the invitee from injuries caused by *natural* outdoor hazards which are as obvious to an invitee as to the owner of the premises. *Id.* at 368 (emphasis in original) (citing *Standard Oil Co. v. Manis*, 433 S.W.2d 856, 858 (Ky. 1968)). Similarly, the third category holds that an owner has no duty to warn or protect the invitee against known or obvious man-made hazards. *Horne*, 170 S.W.3d at 368-69; *see also Rogers v. Professional Golfers Association of America*, 28 S.W.3d 869, 872 (Ky. App. 2000) ("We believe it is irrelevant as to whether the [condition causing the fall] may be considered a natural or unnatural condition. Even if the condition is man-made, the open and obvious rule would apply."). The term "obvious" as applied to these categories means that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence, and judgment. *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 529 (Ky. 1969).

In this case, whether the puddle of water in front of the entryway of Circle K is characterized as a natural outdoor hazard resulting from extreme weather conditions, or as a man-made hazard resulting from the drainage system, the facts clearly establish that the puddle was an open and obvious condition. Any reasonable person would appreciate the apparent risk of slipping and falling

in, what Harper describes as, an "enormous" puddle of water. *See* Plaintiff's Response, p. 1. Harper testified that despite seeing the puddle of water, she chose to proceed through it anyway.

Harper's contention, that the court should apply the exception to the open and obvious rule set forth in *Wallingford v. Kroger*, 761 S.W.2d 621 (Ky. App. 1988), is without merit. In *Wallingford*, the Court of Appeals held that a landowner is not relieved of his duty to as to an open and obvious condition when the owner "has reason to expect that the invitee will proceed to encounter the known and obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id.* at 625. This exception, however, has been "consistently limited to cases in which the plaintiff is *forced* to proceed through the dangerous condition." *Blair v. U.S.*, No. 7:05-280-DCR, 2007 WL 708790 (March 5, 2007 E.D.Ky.) (emphasis in original) (citing *Professional Golfers*, 28 S.W.3d at 873).

Harper has offered no evidence indicating that she was forced to walk through the puddle. Rather, the photographs in the record as well as Harper's testimony clearly indicate that she could have proceeded into Circle K by walking around the puddle. Because no genuine issue of fact exists as to whether the puddle of water was open and obvious, the court finds that Circle K owed no duty to protect or warn Harper against it.

The second category of premises liability described by the Kentucky Supreme Court involves liability for injuries to invitees caused by an encounter with a foreign substance on the business premises. *Horne*, 170 S.W.3d at 368. Harper's Response to Circle K's Motion for Summary Judgment states, "the problem was not so much the presence of the enormous puddle right in front of the doorway as it was the slippery substance beneath the puddle." *Plaintiff's Response* p 1. Although she offers expert evidence in the form of a slip and fall investigation report that identifies

a possible source of the slippery substance, Harper herself does not allege that a slippery substance beneath the puddle was the cause of her fall. In her deposition, when asked if she knew what caused her to fall, she testified, "No. I know there was something probably slick on the ground that had to do with my falling." *Id.* at 2. When asked if she remembered the slick substance on the ground she testified, "No. I don't know what it was." *Id.* Harper testified only that when she fell to the ground she had a black substance on her hands and pants. *Id.* She related nothing on her footwear.

Harper did not attribute the cause of her fall to any particular substance beneath the surface of the water puddle. While her counsel and expert posit the cause of her fall to something other than the water, Harper herself makes no such attribution. Her version is necessarily operative.

For the reasons set forth above, the court will grant Circle K's motion for summary judgment. A separate order will be entered herein this date in accordance with this opinion.